UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 01-008 |
| BYRON DUFFAUT | SECTION "N" |

## **ORDER AND REASONS**

Pending before the Court is the motion by defendant Byron Duffaut, pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct his Sentence. The thrust of Duffaut's motion is based upon ineffective assistance of counsel.

## I. **FACTS**

Defendant Byron Duffaut ("Duffaut") and co-defendant Kevin Huff were convicted on May 7, 2001, on two counts: (1) conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack), pursuant to §§ 846 and 841(a)(1) of Title 21 of the United States Code; and (2) conspiracy to possess with intent to distribute and possession with the intent to distribute more than 50 grams of cocaine base (crack) in violation of §§ 846 and 841(a)(1) of Title 21 of the United States Code.

1

Previously, on March 21, 2001, Duffaut filed a Motion to Suppress his statement, which was denied by the Court on April 9, 2001. On April 11, 2001, Huff filed a Motion to Suppress the evidence found in the black Lincoln vehicle, which was denied on April 20, 2001.

On April 15, 2001, Duffaut was sentenced to 200 months incarceration. Duffaut timely filed a Notice of Appeal, and claimed in his appeal that: (1) the stop of the black Lincoln vehicle was unjustified; (2) the search of the black Lincoln was unjustified; (3) the admission of prior bad act evidence was improper; and (4) the prosecutor's closing argument was prejudicial to the substantive rights of the defendant, and thus was legally improper. The Fifth Circuit affirmed the lower court's ruling as to the stop and search, and with regard to the admission of Huff's prior drug arrest. The Fifth Circuit further found that any error in the prosecutor's closing argument was harmless, as it did not inflame the jury nor did it mischaracterize the evidence. *See United States v. Duffaut,* 314 F.3d 203 (5th Cir. 2003).

On March 8, 2004, Duffaut timely filed this Motion to Set Aside, Vacate or Correct Sentence under § 2255, as well as a supplement sheet.

## II.  LAW AND ARGUMENT

Duffaut claims that his counsel was unconstitutionally ineffective, and thus his conviction and sentence should be vacated.

### 1. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions.[1] In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

---

[1] *See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel).

2

the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness[2] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.[3] A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[4] In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[5]

Under the performance prong of *Strickland*, there is a "strong presumption"[6] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[7] Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted

---

[2] *See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

[3] *See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[4] *See* 466 U.S. at 697; *see, e.g.*, *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[5] *See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

[6] In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also U.S. v. Cronic*, 466 U.S. 648, 658 (1984).

[7] *Strickland*, 466 U.S. 668, 689 (1984).

according to the defendant's restrictions on strategy,[8] when the defendant failed to provide counsel with complete and accurate information,[9] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[10]

Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[11] This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.[12] However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists

---

[8]*See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

[9]*See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[10]*Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

[11]*Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

[12]*See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

that the defendant would not have pleaded guilty and would have insisted on a trial.[13]  Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[14]

For the reasons stated herein, the Court finds Duffaut's claim to be without merit.

### A.   Failure to call the defendant to the stand does not give rise to an ineffective assistance claim

The Fifth Circuit has held that the *Strickland* standard applies to claims of ineffectiveness of counsel with regard to the defense's exercise of the defendant's right to testify.  *See United States v. Willis,* 273 F.3d 592 (5th Cir. 2001); *Sayre v. Anderson,* 238 F.3d 631 (5th Cir. 2001).  Duffaut argues that he strongly desired to take the witness stand at his trial, but that his attorney, Ms. Valerie Jusselin, counseled against it and thus did not put him on as a witness.  He indicates that he would have contradicted the testimony of Deputy Marks and Agent Covell regarding their traffic stop, the permission to search, and the provision by them of his Miranda warnings.  He also contends that he would have refuted the contention that his vehicle was speeding, and that he would have placed at issue the calibration of the radar detector, as well as his admissions to transporting narcotics from Houston to New Orleans.  In essence, Duffaut contends that his testimony would have reduced the assertions of the government's witnesses to a "swearing contest."  His contradictions of the evidence, however, are not, in and of themselves, sufficient to demonstrate to the Court that all other

---

[13]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

[14]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

witnesses were lying and that his testimony was truthful. In fact, this testimony likely would have been viewed by the jury as self-serving, and would have been discredited accordingly.

Moreover, Duffaut's refutation of the radar detector's assessment of his speed could not be placed at issue by him, as he has offered no reason to believe he could afford expert testimony or other information to refute the radar detector's readings. As to the traffic stop conducted by Deputy Marks and Agent Covell, the jury viewed the video taped stop, and thus his testimony would, at least in part, have flown in the face of the video tape evidence. As to the search, the Fifth Circuit has already considered this issue raised on appeal, and has affirmed. *See United States v. Duffaut,* 314 F.3d at 207.

There is no evidence offered by Duffaut that he was coerced into not testifying, or prevented from doing so. In fact, on the face of his supporting memorandum, Duffaut admits that he and Ms. Jusselin disagreed on the strategy wherein he would not take the stand, but never asserts that she in any way exerted any coercion or force, other than counseling him accordingly. In that the assertion of one's Fifth Amendment privileges at trial is not only a common trial tactic, but one usually employed, the Court finds no ineffectiveness of counsel under the *Strickland* standard. Duffaut's assertion that he should have testified is now merely a retrospective reconsideration which amounts only to "Monday morning quarterbacking." Finally, Duffaut has not established that, had he testified, the results of the trial could reasonably been different. The record suggests to the contrary.

### B.     Investigation/Objection to Use of the Traffic Stop Tape

Duffaut also claims his counsel was constitutionally ineffective for her failure to investigate, prepare, and object at trial to the introduction into evidence of the traffic stop tape itself. Duffaut

6

is not entirely clear as to what information he possesses that would support any objection to the use of the traffic stop tape at trial.  He seems to suggest that, because he apparently performed auto mechanic work on the vehicle in the past, he could have argued at trial that his location in the vehicle was the result of him addressing or testing a mechanical problem.  Unfortunately for Duffaut, his activities during the relevant time period contradict this explanation.  Moreover, such an explanation would not make Duffaut's location in the vehicle fortuitous, but rather would have offered to the jury a further explanation as to how Duffaut had access to the vehicle prior to the time of the traffic stop.        Regardless, the Fifth Circuit has already examined the circumstances of the stop and subsequent search and determined that both were conducted legally.  This, after both defense counsel cross-examined witnesses offering testimony pertaining to the stop and search.  Duffaut suggests that, since the video tape did not have sound recording with it, it could have been the subject of objection and rendered inadmissible.  This position is without merit, as there is no legal requirement that sound recording accompany an otherwise accurate video tape properly introduced through the testimony of the officers who made it.  In short, Duffaut has failed to establish that any proper objection was omitted by his attorney; has failed to establish that any cross examination could have been conducted in addition to that which was; and has failed to establish that any witnesses who could have somehow contradicted the evidence offered regarding the stop and search should have been called but were not.

His general complaint that there was insufficient evidence to support a conviction was brought by counsel via a Rule 29 dismissal motion, which was denied.  The record reveals that Duffaut's counsel also sought a mistrial, which was also denied.  Thus, Duffaut has failed to establish that defense counsel's conduct fell short, in any way, of the *Strickland* standard.

### C.    Failure to Obtain a Plea Bargain/Conflict of Interest

Duffaut also argues that his counsel was ineffective for failure to obtain a plea bargain, thus leaving him with "no choice but to go to trial." Of course, it is well established that there is no constitutional right to a plea bargain. *Weatherford v. Bursey,* 429 U.S. 545, 561 (1977). In fact, if Duffaut wanted to enter a guilty plea, thus taking responsibility for the crimes charged, he could have done so, in an attempt to receive a sentencing benefit. Duffaut chose to go to trial.

Moreover, Duffaut claims that his attorney allegedly did not seek a plea bargain independent of the co-defendant, and thus asserts that a conflict of interest in his representation exists. The Court fails to see where such conflict of interest might exist, as each defendant had separate counsel.

Moreover, Duffaut has failed to establish that he would have accepted any plea agreement offered by the government. Indeed, in his § 2255 application, Duffaut steadfastly maintains his innocence, and offers a variety of purported exculpatory information to attack his conviction. He never alleges that he surely would have entered a guilty plea, but was prevented from doing so by counsel.

### D.    Motion to Suppress Evidence Found in the Vehicle

Duffaut continues to allege that his attorney should have filed a motion to suppress evidence found in the vehicle he was operating, and that her failure to do so rendered her counsel constitutionally ineffective. Again, however, Duffaut provides no reasonable basis for supporting such a motion. In other words, Duffaut offers no legal or factual grounds to suggest that such a motion, even if filed, would have been successful.

Notably, co-defendant Huff filed a motion to suppress the evidence seized from the vehicle, and that motion was denied. Duffaut has failed to establish that any motion filed on his behalf would have differed from that filed by his co-defendant.

### E.     Failure to Seek a Downward Departure

Duffaut now claims that his attorney was constitutionally ineffective for not seeking a downward departure, as movant suggests that he was "agreeing to accept responsibility for movant's role in offense." (Supplemental Sheet, p. 3(a)) Duffaut, however, has not accepted responsibility for his role in this offense. As stated previously, he steadfastly maintains that he was wrongly convicted, asserts that agents lied about probable cause, the speed radar, consent to search the vehicle, etc. If Duffaut sought to accept responsibility in order to receive a lesser sentence, or a downward departure, he surely could have done so by pleading guilty to the offense instead of choosing to go to trial. He provided his attorney with no grounds whatsoever to support a motion for downward departure, and there are no circumstances available to this Court to suggest that a downward departure would have been warranted, even had such a motion been filed.

### F.     Failure to Object to the Judge's Response to the Jury's Questions

Duffaut alleges that his attorney was ineffective for failing to object to the trial judge's response to a jury inquiry. During its deliberations, the jury sent out a written question: "Is there any actual testimony by any of the witnesses that placed both defendants outside the cars with the bag at the same time?" The response returned by the trial judge[15] was, "you should rely on your

---

[15] This case was tried by the Honorable Judge Edith Brown Clement, presiding over Section N at the time.

recollection of the testimony by Eric Covell." Duffaut fails to establish how this prejudiced or affected the outcome of his case. The jury had available to it Covell's testimony. If Duffaut is suggesting that somehow it was improper to name a particular witness (apparently the only witness who testified about those events), the Court notes that this was a one-day trial, and it is unlikely that the trial judge's note somehow placed in the jury's mind a recounting of testimony that the jury otherwise would not have adequately recalled. The trial judge's response was reasonably responsive to the inquiry, did not suggest a finding one way or the other (as it did not recite substantive testimony), and thus the failure to object to this answer did not render counsel's assistance constitutionally ineffective.

### 2.    **Sufficiency of the Evidence**

Lastly, Duffaut claims that the evidence is not sufficient to support his conviction. A challenge to the sufficiency of the evidence is not cognizable in a § 2255 proceeding. *Forrester v. United States,* 456 F.2d 905 (5th Cir. 1972). Also, as previously noted, Duffaut's counsel moved pursuant to Rule 29 to test the sufficiency of evidence, which motion was denied. Lastly, Duffaut failed to raise the insufficiency of evidence claim on direct appeal, and has procedurally defaulted on these claims. *United States v. Torres,* 163 F.3d 909 (5th Cir. 1999). Duffaut has made no attempt to establish any cause or prejudice which would support a petition for collateral relief on this issue.

The record establishes that the government sufficiently proved, to reasonable jurors, that sufficient evidence existed supporting each of the elements of the crimes charged.

## CONCLUSION

For the foregoing reasons, the Motion of Byron Duffaut to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, be and is hereby **DENIED**.

New Orleans, Louisiana, this  29th  day of September, 2006.

_____
**KURT D. ENGELHARDT**
**United States District Judge**